## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDRE GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1304-SMY** |
| | ) | |
| **JUSTIN COX,** | ) | |
| **EDWARD LESTER,** | ) | |
| **and J. S. WALTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

On November 24, 2014, Plaintiff Green filed his *pro se* civil rights complaint in this Court (Doc. 1).  In addition to his claim that the Defendants violated his civil rights, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Plaintiff seeks damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq.*  The events giving rise to his claims occurred in April 2013, while Plaintiff was incarcerated at the United States Penitentiary in Marion, Illinois.

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2).  At the time of filing the complaint, Plaintiff had been released from Federal Bureau of Prisons custody, and was housed in a personal residence in New York City.  As such, Plaintiff does not meet the statutory definition of prisoner[1] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

---

[1]  The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought.  *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."  Plaintiff has done so in the instant case (Doc. 2).  But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

## The Complaint

In drafting his pleading, Plaintiff used this Court's pre-printed form for a non-prisoner civil rights complaint.  His completion of the "parties" section indicates that he is asserting civil rights claims against each of the Defendants, because Plaintiff states that each of them,

including Marion Warden J.S. Walton, "personally participated" in violating his civil rights (Doc. 1, pp. 1-3).  Plaintiff also clearly states that he is bringing an FTCA claim over the injury he sustained as a result of the Defendants' actions (Doc. 1, pp. 1, 5).

The statement of claim discloses that on April 25, 2013, while Plaintiff was walking to the inmate recreation center, Defendant Lester (a fellow inmate) ran over his foot with an electric scaffold lift machine (Doc. 1, p. 5).  Defendant Cox (a prison maintenance officer) was supervising Defendant Lester at the time.  Plaintiff's foot was severely injured by the 3,000-pound machine.  Defendants Lester and Cox never inquired as to whether Plaintiff needed any assistance.

Plaintiff sought help from another officer, and was taken to Health Services.  An unnamed nurse treated him, but gave him no pain medication despite his complaints that he was in severe pain.  Plaintiff was given medication for the pain three days later after he sought assistance from a case manager and counselor.  He claims that to this day, he continues to experience sharp pain in the injured foot, especially when he is walking.

Plaintiff states that he has exhausted his administrative remedies, and received a letter dated September 4, 2014, denying his Federal Tort Claim.  Although he refers to this document as "Exhibit 1," the letter was not attached to the complaint.

He seeks compensatory and punitive damages.

**Previous Litigation filed by Plaintiff**

In 2013, Plaintiff brought two separate cases in which he raised claims relating to the same incident with the electric scaffold lift.  Each has been dismissed without prejudice, however, a review of the Court's orders in those cases is instructive as to the disposition of the civil rights portion of the instant action.

On July 19, 2013, Plaintiff sued Leslee Duncan (a Marion medical provider), Ruben Morales (a physician at FCI-Fairton, New Jersey), and the then-unknown Maintenance Officer and Unknown Inmate who were responsible for Plaintiff's foot injury described above. *Green v. Duncan, et al.*, Case No. 13-cv-713-JPG-PMF (S.D. Ill.). Plaintiff raised civil rights claims against each of the Defendants for deliberate indifference to his medical needs. His claims against the two medical providers were allowed to proceed, although the claim against Defendant Morales (Count 2 in that case) was severed and transferred to the District of New Jersey. Plaintiff's case against Defendant Duncan included a claim (designated as Count 1 in that case) that she refused to give him sufficient pain medication immediately after his foot was injured by the scaffold lift on April 25, 2013. She initially gave him only four pain pills, which did not relieve his suffering, and then refused his request for more pain relief. She later approved Plaintiff's request for more pain medication, but he did not get the additional pills until three days after the injury (Doc. 13 in Case No. 13-cv-713-JPG-PMF). Plaintiff pursued his claims against Defendant Duncan until September 12, 2014, when the case was dismissed without prejudice at Plaintiff's request (Doc. 47 in Case No. 13-cv-713-JPG-PMF).

Plaintiff's civil rights claim against the unknown maintenance officer and inmate, designated as Count 3 in Case No. 13-cv-713-JPG-PMF, was dismissed by this Court without prejudice upon initial merits review on September 19, 2013 (Doc. 13 in Case No. 13-cv-713-JPG-PMF). The Court reasoned that based on Plaintiff's description of the incident, the foot injury was caused by the negligence of those two Defendants. Acts of negligence do not violate the Constitution, and thus cannot lead to liability in a civil rights case. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Even before this Court dismissed Count 3 in Case No. 13-cv-713-JPG-PMF, Plaintiff

on August 30, 2013, filed suit under the FTCA against Defendant Warden Walton and the unknown officer and inmate who operated the machine that ran over his foot. *Green v. Walton*, Case No. 13-cv-907-MJR (S.D. Ill.). In that complaint, Plaintiff stated that he was still waiting for a final response to his administrative remedy request under the FTCA. Plaintiff thus had filed his FTCA case prematurely, and the Court dismissed the action without prejudice on September 27, 2013, for failure to exhaust administrative remedies before filing suit (Doc. 8 in Case No. 13-cv-907-MJR).

**Merits Review Pursuant to 28 U.S.C. § 1915(e)(2)**

For purposes of this merits review, the Court shall designate Plaintiff's claims herein as follows:

> **Count 1:** Claim under the Federal Tort Claims Act (FTCA) for Plaintiff's April 25, 2013, foot injury caused by the electric scaffold lift machine operated under the supervision of Officer Justin Cox;

> **Count 2:** Eighth Amendment claim for deliberate indifference to medical needs, against Defendants Cox, Lester, and Walton.

**Count 1 – FTCA Claim**

The instant complaint asserts that Plaintiff has now completed the administrative remedy process with respect to his FTCA claim. A federal prisoner may bring suit against the United States under the FTCA for an injury sustained during his incarceration. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In contrast to a civil rights action brought under *Bivens*, where a negligent act does not give rise to a claim upon which relief may be granted, Plaintiff may seek damages under the FTCA for the negligent or wrongful act or omission of a federal employee. *Palay*, 349 F.3d at 425; 28 U.S.C. § 1346(b)(1).

However, as Plaintiff was informed in the order dismissing his earlier FTCA claim as premature, the United States of America is the only proper defendant in an action brought

pursuant to the FTCA.  *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994).

Therefore, the Court shall make the appropriate substitution of parties.

With that modification, the FTCA portion of Plaintiff's case (**Count 1**) survives review

under § 1915(e)(2).  His sworn IFP motion establishes that he is indigent for purposes of IFP

review.  The FTCA claim does not appear to be frivolous or malicious, and at this point, the

Court cannot conclude that Count 1 fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motion (Doc. 2) for leave to proceed IFP shall be **GRANTED**.

Plaintiff will be allowed to proceed with Count 1 in this action without payment of any fees.  *See*

28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of

§ 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma*

*pauperis* are not responsible for paying filing fee at all).

## Dismissal of Count 2 – Eighth Amendment Claim

Plaintiff's complaint fails to state a claim upon which relief may be granted for the

purported violation of his civil rights.  As explained in the order dismissing Count 3 in *Green v.*

*Duncan, et al.*, Case No. 13-cv-713-JPG-PMF (S.D. Ill., Doc. 13), the actions of Defendants Cox

and Lester which caused Plaintiff's injury amounted, at worst, to negligence.  Because

negligence does not violate the Constitution, Plaintiff's civil rights claim over his injury was

dismissed in *Green v. Duncan*.  For the same reason, he cannot maintain a civil rights claim

against the named Defendants in the instant case.

The statement of claim herein does not disclose any conduct on the part of Defendant

Cox that might rise to the level of deliberate indifference to a known risk of harm to Plaintiff.

*See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Defendant Lester, being a fellow inmate, is

not a "federal official" subject to being sued in a *Bivens* action.  *See Bivens v. Six Unknown*

*Named Agents*, 403 U.S. 388 (1971).  Finally, although Plaintiff names Defendant Walton as a party, he fails to mention Defendant Walton at all in his statement of claim.  Thus, there is nothing to suggest that Defendant Walton had any responsibility for causing Plaintiff's injury.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Furthermore, Defendant Walton cannot be held liable for any alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison.  In order to be held individually liable in a civil rights action, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  As already noted, no constitutional violation is apparent from Plaintiff's description of the incident.  For these reasons, the civil rights claims in Count 2, as well as Defendants Cox, Lester, and Walton shall be dismissed from this action with prejudice.

Plaintiff did not include as a Defendant the unnamed nurse or any other medical provider who allegedly refused to give him pain medication following his injury.  Therefore, the Court expresses no opinion as to whether Plaintiff might have a viable claim against the nurse or another medical provider for deliberate indifference to his need for pain relief.

**<u>Disposition</u>**

The motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) is **GRANTED.**

The Clerk is **DIRECTED** to add the **UNITED STATES of AMERICA** as a party Defendant herein.  In all future pleadings, the title of this case shall be "*Andre Green, Plaintiff, vs. United States of America, Defendant.*"

Plaintiff's civil rights claim in **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **COX, LESTER,** and **WALTON** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 15, 2014**

s/ STACI M. YANDLE
United States District Judge